**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PHILLIP HAYES,            )<br>              Plaintiff,     )<br>v.                                  )<br>                                    )<br>CITY OF INDIANAPOLIS, et al, )<br>                                    )<br>              Defendants. ) | No. 1:08-cv-006-DFH-JMS |

**E N T R Y**

**I.**

Plaintiff Phillip Hayes' motion for leave to proceed in forma pauperis (dkt 42) is **granted** consistent with the Entry of January 15, 2008, which allowed this action to proceed without prepayment of the filing fee. To be clear, however, Hayes, like all plaintiffs, is still obligated to pay the full amount of the filing fee pursuant to 28 U.S.C. § 1915(b) and thus a collection order was properly issued on May 27, 2008.

**II.**

Hayes also seeks the appointment of counsel (dkt 41). Civil litigants do not have a constitutional or statutory right to counsel, though a court may, in its discretion, put out the call for a volunteer attorney to represent an indigent plaintiff. See 28 U.S.C. § 1915(e)(1); *see Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When faced with a request to recruit counsel, a district court must consider whether the plaintiff has made reasonable attempts to find counsel on his own and whether the plaintiff has demonstrated an ability to litigate his case. See *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Any examination of a plaintiff's ability to prosecute his case must consider his "literacy, communication skills, educational level, and litigation experience." *Id.* at 655.

      Hayes states that he has made considerable attempts to find counsel on his own, which for the purposes of this motion is assumed to be true. Thus Hayes' ability to litigate his case must be considered. Hayes' claims are not "of sufficient complexity or merit as [to] surpass the plaintiff's ability to properly develop and present them in this action." *Id.* at 655. Hayes has demonstrated familiarity with the facts and circumstances he intended to establish to prove his claim, and with the legal principles involved in doing so. For example, none of the claims asserted in his complaint were dismissed pursuant to the mandatory screening of 28 U.S.C. § 1915A and Hayes has demonstrated his ability to file motions with the court. Given these circumstances Hayes appears to have the literacy, communication skills, education, and experience to litigate his claims. Accordingly, the motion for appointment of counsel (dkt 41) is **denied.**

      So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 11/3/2008

Distribution:

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
awill@indygov.org

Phillip Hayes
DOC 628660
Duvall Work Release Center
1848 Ludlow St.
Indianapolis, IN 46201