UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PHILLIP HAYES, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 1:08-cv-006-DFH-JMS |
| | ) | |
| CITY OF INDIANAPOLIS, et al, | ) | |
| | ) | |
|     Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted in part and denied in part.**

**I. Background**

The plaintiff in this action is Phillip Hayes ("Hayes"). The defendants here are the City of Indianapolis ("City"), the Indianapolis Metropolitan Police Department ("IMPD"), and IMPD officers Christopher Maher, Frank Vanek and Craig Anderson.

The question presented in this civil rights action is whether Hayes has met the burden of a non-movant facing a motion for summary judgment and shown that there is a genuine issue for trial as to his claims that 1) Officer Maher had no reasonable suspicion to execute a traffic stop of Hayes on July 30, 2007, 2) the defendant officers used constitutionally excessive force against Hayes after he had surrendered to them, and 3) the defendant officers acted pursuant to a municipal policy or custom when using force against Hayes following his arrest.[1]

The defendants seeks resolution of Hayes' claims through the entry of summary judgment. Such motion must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting FED. R. CIV. P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could

---

[1]The IMPD is not a suable entity under 42 U.S.C. § 1983 and the claim against it is actually against the City. *Best v. City of Portland*, 554 F.3d 698, fn* (7th Cir. 2009). The same is true of the claims against the defendant officers in their official capacities. *Baxter v. Vigo County School Corporation,* 26 F.3d 728, 733 n.4 (7th Cir. 1994) ("Therefore, a suit against such an official amounts to a suit against the entity of which he is an official.")(citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).

find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)).

The defendants seek summary judgment based in part on their service of Rule 36 requests for admission and Hayes' failure to timely respond to them. Rule 36 of the *Federal Rules of Civil Procedure* provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

In this case, there is no indication that Hayes was expressly notified that he was required to respond to the requests, that he had only 30 days to respond, or that failure to respond would result in those matters being deemed conclusively established for purposes of this lawsuit. Hayes is not a lawyer and on November 7, 2008, he did respond to the requests for admissions. Given these facts, the court finds that Hayes is entitled to relief from the effects of his failure to respond to the requests for admission. *Spencer v. Dearborn County Sheriff's Dep't.*, 2007 WL 1729752 (S.D. Ind. 2007)(holding that pro se plaintiff was entitled to relief from the effects of his failure to respond to the requests for admission)(citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994); and *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)).

## II. Statement of Facts

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Hayes as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

1.     On July 30, 2007, Officer Maher was in a fully marked police vehicle and had just proceeded through the green light at the intersection of Virginia Avenue and South Street when he saw a motorcycle traveling southbound on East Street. Believing that the motorcycle had disregarded the automatic traffic signal at that intersection, Officer Maher attempted to conduct a traffic stop of the motorcycle.

2.     Hayes was operating the motorcycle just described. When Hayes became aware that the police vehicle operated by Officer Maher had its siren and overhead emergency lights activated, Hayes pulled over and stopped, assuming the police vehicle

would pass by. When the police vehicle pulled in behind Hayes and Officer Maher exited, Hayes fled on his motorcycle.

      3.    Hayes fled on his motorcycle southeast bound on Virginia Avenue. This was the beginning of the police chase of Hayes' motorcycle, during the course of which Hayes accelerated to approximately 75 miles per hour in a 35 mile per hour zone on Fletcher Avenue. During the chase, Hayes, ran the red light at Fletcher and Calvary Streets, ran the stop sign at Fletcher and Laurel Street, ran the flashing red light at Laurel and English Avenue, ran the red light at English and State Streets, and, finally, ran the stop sign at Keystone and Southeastern Avenue.

      4.    The police chase came to an end when Hayes pulled into a dead end street, stopped his motorcycle, lowered his kickstand, got off of the motorcycle, stepped away and surrendered to the police by holding his hands up as they pulled up next to him.

      5.    As police approached him, Hayes was ordered to put his hands on the back of his head, then get down on his knees, and then get down on the ground on his stomach. As Hayes complied, an officer yelled "assist, assist" and the other officers began kicking Hayes. While lying face down, Hayes used his right arm to cover his head and face and protect his head from being kicked. Hayes was not resisting arrest and did not kick or grab at any officer, but Officer Maher was on Hayes' back punching him on the back of the head while Officers Vanek and Anserson were at his head stomping and kicking him for no reason.

      6.    Hayes was eventually treated at a hospital for head, neck, face and arm injuries.

      7.    As a result of Hayes' actions on July 31, 2007, he pled guilty to Resisting Law Enforcement, a Class D Felony. The basis of the criminal violation was the flight from Officer Maher.

### III.  Applicable Law

Hayes' claims are asserted pursuant to 42 U.S.C. § 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).  Hayes must establish two elements to recover on his § 1983 claim.  *First,* he must show that he was deprived of a right secured by the Constitution or laws of the United States. *Second,* he must establish that the persons depriving him of his rights acted under color of state law. *West v. Atkins,* 487 U.S. 42, 47 (1988). Additionally, when the defendant is a municipality, as is the case here, it can be held liable under § 1983 only if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Hayes' claims implicate the Fourth Amendment's proscription against unreasonable seizures. *Graham v. Connor,* 490 U.S. 386, 396 (1989). "[A]ll claims for unreasonable search and seizure must be analyzed under the Fourth Amendment." *Davis v. Novy,* 2003 WL 1964200, *2 (N.D.Ill. April 23, 2003) (citing *Graham,* 490 U.S. at 395).

### IV. Discussion

#### A. The Seizure

One of Hayes' claims in this action is that the defendants' seizure of him was improper, meaning that police lacked reasonable suspicion to stop the motorcycle. This requires a determination of when Hayes was actually "seized" for Fourth Amendment purposes. This is important because "pre-seizure conduct is not subject to Fourth Amendment scrutiny." *Carter v. Buscher,* 973 F.2d 1328, 1332 (7th Cir. 1992).

There was in this case a police pursuit. The police pursuit of Hayes operating his motorcycle ended in Hayes' apprehension and arrest, but the Supreme Court has "reject[ed] the contention that a pursuit qualifies as a seizure . . . ." *California v. Hodari D.,* 499 U.S. 621, 626 (1991).

> The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does not.
>
> * * * *
>
> The word "seizure" . . . does not remotely apply [ ] to the prospect of a policeman yelling "Stop, in the name of the law!" at a fleeing form that continues to flee. That is no seizure . . . . An arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority.

*Id.* Thus, Hayes was not seized at the beginning of the police chase. Accordingly, the defendant officers "were not required to have a particularized and objective basis for suspecting [Hayes] to pursue him." *Michigan v. Chesternut,* 486 U.S. 567, 574-75 (1988). Similarly, in *Brower v. County of Inyo,* 489 U.S. 593, 595-97 (1989), a twenty mile police chase was presumed not to be a seizure. In *County of Sacramento v. Lewis,* 523 U.S. 833, 844 (1998), the Supreme Court explicitly held that "a police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment. "Attempted seizures of a person are beyond the scope of the Fourth Amendment." *Lewis,* 523 U.S. at 845 n.7.

Crediting Hayes' account of the incident, he was seized by police after he stopped his motorcycle and submitted to the authority of the pursuing police officers. This was,

4

however, after the chase, and where a suspect flees from police, as is the case here, the flight itself can be used in determining whether there was a valid basis on which to stop (and "seize") the suspect. *United States v. Brown,* 448 F.3d 239, 245 (3d Cir. 2006). Officer Maher had knowledge that Hayes was operating the motorcycle and disregarding traffic signals by speeding and running red lights. He had this knowledge from being directly involved in the police pursuit. Hayes does not dispute that he was speeding, and ran at least two red lights and a stop sign while fleeing from the police on his motorcycle. Resisting law enforcement is a violation of Indiana law, which in turn justified the initial stop of the vehicle as did Hayes' multiple traffic violations. *Whren v. United States,* 517 U.S. 806, 810 (1996) (decision to stop and detain motorists is reasonable where there is probable cause to believe that a traffic violation has occurred).

Based on the above, the court finds that there was no violation of Hayes' Fourth Amendment rights in his seizure and arrest on July 30, 2007. The defendant officers' motion for summary judgment must therefore be **granted** as to this claim.

### B.  The Use of Force

There was probable cause for the arrest of Hayes at the conclusion of the police chase. A police officer's ability to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). Nonetheless, the Fourth Amendment prohibits the use of excessive force during the execution of a seizure. *Id.* at 395. It has long been well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders. *See  Priester v. Riviera Beach,* 208 F.3d 919, 927 (11th Cir. 2000) (denying qualified immunity to officer who in 1994 allowed his dog to attack suspect who was lying on the ground and not resisting); *Frazell v. Flanigan,* 102 F.3d 877, 884 (7th Cir. 1996)(jury could reasonably conclude that officer who struck subdued suspect in back with nightstick used objectively unreasonable force and was not entitled to qualified immunity); *Ellis v. Wynalda,* 999 F.2d 243, 247 (7th Cir. 1993) (force that is reasonable while suspect poses threat is no longer reasonable once threat is no longer present).

In order to decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

> Whether excessive force was used is evaluated under the "objective reasonableness" standard, through which courts assess whether the actor's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." [*Graham,* 490 U.S.] at 397; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001). Factors which are relevant to this evaluation include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

5

> attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. Ultimately, the excessive force inquiry "looks to whether the force used to seize the suspect was excessive in relation to the danger he posed--to the community or to the arresting officers--if left unattended." *McDonald v. Haskins,* 966 F.2d 292, 294 (7th Cir. 1992); *see also Lanigan v. East Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

*Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000).

The parties have provided very different versions of the events occurring on July 30, 2007. "[S]ummary judgment is not a procedure for resolving a swearing contest." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *see also Cameron v. Frances Slocum Bank & Trust Co.,* 824 F.2d 570, 575 (7th Cir. 1987)("On summary judgment, a court can neither make a choice between competing inferences nor make a credibility determination."). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Applying this standard, Hayes' version of events must be accepted as true. According to Hayes, he initially fled from the police but later stopped and surrendered. He fully surrendered to the police, complied with all of the officers' commands, and did not resist further, *i.e.,* beyond having caused the police chase. It was at this time, during or after Hayes' surrender to police, that Officer Maher got on Hayes' back and punched him on the back of the head while Officers Vanek and Anderson stomped and kicked his head. Although the defendants' account of how the police chase ended and what actions then followed is markedly different than that of Hayes, there is certainly a disputed issue of fact as to what force was used by the officers and with what justification, if any. Accepting Hayes' version of the events, the officers had no reason to punch, kick or stomp on him. See *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997)(where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance).

As a result of his actions on July 30, 2007, Hayes pled guilty (along with another charge) to Resisting Law Enforcement, a Class D Felony. The defendants argue that Hayes' claims are not cognizable under § 1983 because his conviction and sentence in *State v. Phillip Hayes*, 49G01-0707-FC-153404, has not been invalidated, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. In support of this position, the defendants cite *Heck v. Humphrey,* 512 U.S. 477 (1994). The defendants' argument is not persuasive. *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). However, Hayes' conviction for Resisting Law Enforcement does not automatically bar a claim of excessive force in the circumstances of this case. *See Hernandez v. City of Los Angeles,* 624 F.2d 935, 937-38 (9th Cir. 1980); *DuFour-Dowell v. Cogger,* 969 F.Supp. 1107, 1117-18 (N.D.Ill. 1997). "Even while resisting an arrest, an

arrestee can be subjected to force excessive for the situation." *Id.* at 1118. Hayes' conviction centers on *his* actions, not those of any of the police officers. Summary judgment is **denied** as to the claim of excessive force.

### C. Municipal Liability

As noted, the City is a "person" subject to suit under § 1983. "To establish that a municipality has violated an individual's civil rights under § 1983, the plaintiff must show one of the following: (i) that the city had an express policy that, when enforced, causes a constitutional deprivation; (ii) that the city had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law; or (iii) that the plaintiff's constitutional injury was caused by a person with final policy-making authority." *Billings v. Madison Metro. Sch. Dist.,* 259 F.3d 807, 817 (7th Cir. 2001) (citing *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000)).

The defendants have negated the existence of a municipal policy or practice of using excessive force by the City. Hayes' statement that in addition to the incident on which his claims in this case are based "he knows of numerous cases that have been highly publicized" is too vague to support an official capacity claim. See *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) ("One broad, vague statement about an occurrence affecting other inmates in a detention facility does not support the inference of a 'widespread' custom."); *Shelby Indus. Park, Inc. v. City of Shelbyville,* 2008 WL 2018185 (S.D.Ind. May 8, 2008).

### V. Conclusion

Judgment as a matter of law is appropriate when a party "fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. That is the case here. Accordingly, the defendants' motion for summary judgment must be **granted** as to (1) the claims against the City, (2) the claims against the police officers in their official capacities, and (3) the claim for unreasonable seizure consisting of the police chase and a lawful basis for Hayes' arrest. The claim which remains for resolution at trial is the Fourth Amendment claim of the use of excessive force against Hayes in the course of or immediately after his arrest.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**So ordered.**

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 3/18/09

Distribution:

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
awill@indygov.org

Phillip Hayes
DOC 628660
Duvall Work Release Center
1848 Ludlow Ave.
Indianapolis, IN 46201