UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP HAYES,  )<br>   Plaintiff,  )<br>)<br> vs.  )<br>)<br>C. MAYER, F. VANEK, and C.  )<br>ANDERSON,  )<br>   Defendants.  ) | 1:08-cv-0006-LJM-DML |

## **ENTRY & ORDER**

On July 16, 2010, the parties appeared by counsel for the Final Pretrial Conference. The Court Reporter was Jean Knepley. The Conference was held. The parties summarized their version of the underlying facts of this case to the Court. The Court issued rulings on the parties' motions *in limine* and objections to the exhibit and witness lists. The Court explained its procedure for *voir dire*. The Court confirmed the trial date. The Conference concluded.

The Court made the following rulings:

1. Plaintiff's Motion in Limine is **GRANTED** as to numbered paragraphs 1-4, 6-11, and **DENIED** as to numbered paragraphs 5 and 12.

2. Defendants' Motion in Limine is **GRANTED** as to numbered paragraphs 1, 4-9, 11-14; **DENIED** as to numbered paragraphs 2 and 10; and **TAKEN UNDER ADVISEMENT** as to numbered paragraph 3. The Court will hear argument on the statements contained in Plaintiff's medical records the first day of trial.

3. Plaintiff's Objection to Defendants' Expert Disclosures is **TAKEN UNDER ADVISEMENT**.

4. Plaintiff's Objections to Defendants' Exhibit List are **OVERRULED**, with the exception of Plaintiff's Objection to Exhibit I, which is **TAKEN UNDER ADVISEMENT**.

5. Defendants' Objection to the testimony of Steven Poore is **TAKEN UNDER ADVISEMENT**. Defendants' Objection to the testimony of Plaintiff is **SUSTAINED**, but only to the extent the Plaintiff attempts to provide expert opinions regarding his medical condition.

6. Defendants' Objections to Plaintiff's Exhibit List are **TAKEN UNDER ADVISEMENT** as to Plaintiff's medical records, and **OVERRULED** with respect to Officer Maher's deposition.

7. The Court will seat seven (7) jurors. Each party may use three peremptory strikes.

8. Each party is allowed thirty (30) minutes for opening statements.

9. The Jury Trial in this matter remains set for **Monday, July 26, 2010, at 9:30 a.m.**, in Courtroom 202, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. Counsel are instructed to **arrive at 8:30 a.m.** the first day of trial.

In addition, having considered the parties' arguments and supplemental authority, the Court makes the following rulings:

10. Plaintiff's Objection to Defendants' Expert Disclosures is **SUSTAINED in part and OVERRULED in part**. First, Officer Patterson is not an expert to which Federal Rule of Civil Procedure 26(a)(2)(B) applies because he is not "one whose duties as the party's employee regularly involve giving expert testimony." Moreover, although a police departments internal policies are not standards against which the jury may judge the reasonableness of an officers use of force, *Thompson v. City of Chicago*, 472 F.3d 444, 453-55 (7th Cir. 2010), here Defendants concede that Officer Patterson is not allowed to give his opinion on the ultimate issue of this case. Rather, Officer Patterson will testify about how the Defendants were trained to address resistant behavior, specifically the continuum of force. In addition, the Court will instruct the jury that the issue in this matter is whether the Defendants used excessive force on the Plaintiff, not whether the Defendants complied with or violated the continuum of force. Accordingly, Plaintiff's Objection to Exhibit I is **OVERRULED**.

11. Defendants' Objection to Steven Poore is **SUSTAINED**. Poore intends to testify about one of the Plaintiff's prior consistent statements. However, Plaintiff has not satisfied Federal Rule of Evidence 801(d)(1), which requires, among other things, that Plaintiff's out of court statement (1) is offered to rebut a charge of recent fabrication and (2) was made before the Plaintiff had motive to fabricate. *United States v. Alviar*, 573 F.3d 526, 541 (7th Cir. 2009).

12. Finally, the Court attaches its Draft Preliminary Instruction and Draft Jury Instructions. The Court will hear the parties objections to the Draft Preliminary Instruction, if any, the first morning of trial. The Court will hold an instruction conference with counsel prior to instructing the jury to hear the party's objections to the Draft Jury Instructions, if any, and to consider the parties' proposed additions to the Draft Jury Instructions, if any, at a time to be determined by the Court as trial progresses.

IT IS SO ORDERED this 19th day of July, 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Michael J. Cork
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
mcork@bamberger.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org